McBREEN & KOPKO
Kenneth A. Reynolds
500 North Broadway, Suite 129
Jericho, New York 11753
(516) 364-1095

*Attorneys for City Ironsmith Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
In re:

                                                           Chapter 7
       MICHAEL P. D'ALESSIO,                 Case No.: 18-22552 (RDD)

                               Debtor.
---------------------------------------------------------X

**APPLICATION OF CITY IRONSMITH CORP. FOR AN ORDER**
**PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE COMPELLING THE EXAMINATION OF**
**MICHAEL P. D'ALESSIO AND PRODUCTION OF DOCUMENTS**

**TO:   THE HONORABLE ROBERT D. DRAIN**
        **UNITED STATES BANKRUPTCY JUDGE**

City Ironsmith Corp., a creditor and party in interest ("City Ironsmith") in the above-captioned bankruptcy case, by and through their attorneys, McBreen & Kopko, as and for this application (the "Application") for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") compelling the oral examination of and the production of documents by and from the Debtor Michael P. D'Alessio and Debtor's company, Michael Paul Enterprises, LLC ("D'Alessio Parties"), and respectfully sets forth and represents as follows:

**INTRODUCTION**

1.      On April 17, 2018 (the "Petition Date"), an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") was filed

with this Court by petitioning creditors Greater Hudson Bank, The Westchester Bank and Bridgehampton National Bank (the "Petitioning Creditors").

2. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is core proceeding under 28 U.S.C. § 157(b)(2).

### **RELIEF REQUESTED**

3. City Ironsmith requests that this Court enter an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure compelling the D'Alessio Parties to produce the documents set forth on Schedule "A" annexed hereto and requiring Michael P. D'Alessio, individually and in his capacity as managing member of Michael Paul Enterprises, LLC, to appear for an examination.

4. The purpose for the Rule 2004 examination is to adequately investigate the financial affairs of the D'Alessio Parties relative to property of the bankruptcy estate.

5. Bankruptcy Rule 2004 provides that, upon the motion of any party in interest, the court may order the examination of any person relative to the acts, conduct or property of the debtor, or any matter that may affect the administration of the debtor's estate. Bankruptcy Rule 2004 further provides that:

> (a) **Examination of Motion.** On Motion of any party in interest, the court may order the examination of any person.
>
> (b) **Scope of Examination.** The examination of any person under this rule…may relate only to the acts, conduct or property or to the liabilities and financial condition of the debtor, or to any matter which might affect the administration of the debtor's estate…[t]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered

2

> therefore, and any other matter relevant to the case or to the formulation of a plan.

Fed. R. Bankr. P. 2004.

6. Courts have consistently recognized that the scope of Rule 2004 discovery is extraordinarily broad. *See*, *e.g.*, *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993) ("The investigation of an examiner in bankruptcy…is supposed to be a 'fishing expedition,' as exploratory and groping as appears proper to the examiner…"); *In re the Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("The scope of this examination is admittedly 'unfettered and broad.'" (citations omitted). Third parties are subject to Rule 2004 discovery "if they possess knowledge of the debtor's acts, conduct or financial affairs which relate to the bankruptcy proceeding." *Bennett Funding*, 203 B.R. at 27.

7. In an effort to complete a thorough investigation of the D'Alessio Parties' financial affairs, City Ironsmith believes that it is necessary to effectuate a turnover of all documents relating to and pertaining to the financial condition of the D'Alessio Parties as set forth in greater detail on Schedule "A".

8. By virtue of the foregoing, City Ironsmith respectfully submits that it is entitled to the relief requested herein and that the Court grant the Order annexed hereto as Exhibit "A".

9. This Application presents no new or novel issues of law and the authorities relied upon are fully set forth herein. Accordingly, City Ironsmith respectfully requests that the Court waive the requirement set forth in LBR 9013-1 that a separate memorandum of law be filed in support of this Application.

10. No prior motion for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, it is respectfully requested that the Court grant the annexed Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and grant such other and further relief as this Court deems just and proper.

Dated: Jericho, New York
August 20, 2018

                                        McBREEN & KOPKO
                                        Attorneys for City Ironsmith Corp.

By:   */s/ Kenneth A. Reynolds*
        Kenneth A. Reynolds, Esq.
        A Partner of the Firm
        500 North Broadway, Suite 129
        Jericho, New York 11753
        (516) 364-1095