**SCHEDULE A**
**Definitions and Instructions**

**A.    Definitions**

1.    "Document" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure, and shall include all tangible sources of information, including but not limited to: (a) the original and any non-identical copy (whether different from the original because of handwritten notes or underlining made thereon, attachments affixed thereto, or otherwise) or drafts thereof, of any handwritten, typewritten, printed, recorded, or graphic matter, however produced or reproduced, including but not limited to charts, plans, drawings, art work, transparencies, sketches, blueprints, files, electronic mail, computer data and/or tapes, reports, travel reports, expense reports, memoranda, notes, minutes, letters and other correspondence, testimony, summaries, abstracts, studies, surveys, graphs, statistics, tables, forms, work papers, logs, indexes, drafts, advertisements, and scripts; and (b) any mechanical, magnetic or electronic or other recordings of any voice, sound, image or date including but not limited to photographs, microfilms, video and audio tapes, film, and any other data compilation in Vaccaro's possession, custody or control wherever located.

2.    The term "Debtor" shall mean Michael P. D'Alessio.

3.    The term "City Ironsmith" shall mean City Ironsmith Corp., creditor and party in interest in the instant bankruptcy case.

4.    The term "Lien" or "Liens" shall mean the mechanic's liens filed against Michael Paul Enterprises, LLC, the company in which the Debtor is the managing member.

5.    The term "Jobs" shall mean the jobs in which City Ironsmith supplied and installed architectural and structural steel to the Debtor and Michael Paul Enterprises, LLC.

6.    The term "Michael Paul" shall mean Michael Paul Enterprises, LLC in which employed City Ironsmith on numerous occasions for a number of jobsites.

7.    The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

8.    "And" and "or" shall be construed conjunctively or disjunctively as necessary to make these document requests inclusive rather than exclusive.

9.    "Each," "any," and "all" mean each and every.

10.    "Person" means any individual or entity, including but not limited to partnerships, corporations or any other form of business or any legal, governmental, or business entity.

1

11.     "Entity" means a legal or business entity of any kind and includes, without limitation, corporations, partnerships, trusts, associations and organizations.

12.     The term "communication" means any exchange or transmission of words or ideas to another person or an entity, including without limitation conversations, discussions, e-mails, facsimiles, letters, memoranda, meetings, notes, speeches, or other transfer of information, whether written, oral, or by any other means, whether direct or indirect, formal or informal, and includes any document which abstracts, digests, transcribes or records any such communication.

13.     The terms "referring or relating to" means comprising, relating to, or in any way relevant within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**B.     Instructions**

The following instructions apply in answering these document requests:

1.     These requests are continuing in nature and, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure Vaccaro has a duty to supplement its document production promptly upon obtaining or learning of further responsive documents. Therefore, if any document described in this request is not in existence or in the control of Vaccaro at the time of this request, but comes into existence or into Vaccaro's control later, Vaccaro must immediately produce such document.

2.     In accordance with Rule 2004 of the Federal Rules of Bankruptcy Procedure, all documents produced for inspection and copying shall be organized and labeled to correspond with the categories in the request or shall be produced as they are kept in the usual course of business. Any document described in more than one category may be grouped with documents in any of the categories in which it is described.

3.     This document requests production of all responsive documents in the possession, custody, or control of Vaccaro from all files, wherever located, whether active, in storage or otherwise, and whether public or nonpublic.

4. If any document requested was formerly in the possession, custody, or control of Vaccaro and has been transferred, lost, altered, or destroyed, submit in lieu of each document a written statement which:

    a.     Describes in detail the nature of the document and its contents;

    b.     Identifies the person who prepared or authored the document, and if applicable, the person to whom the document was sent or transferred;

    c.     Specifies the date on which the document was prepared, transmitted, or both;

    d.     Specifies, if possible, the date on which the document was lost, altered,

>       or destroyed and, if altered or destroyed, the conditions or reasons for
>       such alteration or destruction and the persons requesting and performing
>       such destruction.

### Claim of Privilege

If anyone contends that documents responsive to any request are privileged, in whole or in part, as a ground for their non-production and/or production in redacted form, for each allegedly privileged document provide all information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure, including but not limited to: (1) the factual and legal grounds for exclusion, and (2) for each document, the: (a) author, (b) title, (c) date, (d) addressees), recipients) and/or distributee(s), (e) type of document, and (f) subject matter.

### Document Requests

1. Copies of any and all bank statements for each and every financial account maintained by or for the benefit of the Debtor and Michael Paul for the periods of January 1, 2017 through and including the present date.

2. Copies of any and all cash receipts for each of the following Jobs:

    - 184 E. 64th Street
    - 323 E. 53rd Street
    - 336 E. 54th Street
    - 554 E 82nd Street
    - 230 E 63rd Street
    - 225 E 81st Street
    - 135 Old Lyme Road
    - 227 E 67th Street

3. Copies of any and all final requisitions to customers with respect the aforementioned Jobs.

4. Copies of any and all charge orders with respect to each of the aforementioned Jobs.

5. Copies of federal and New York State income tax returns for the Debtor and Michael Paul for the tax years 2016 and 2017.

3