**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Marianne T. O'Toole, as Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                              Chapter 7

MICHAEL P. D'ALESSIO, et al.,                                       Case No.: 18-22552 (RDD)
                                                                    (Jointly Administered)
                        Debtors.
---------------------------------------------------------------x

**APPLICATION SEEKING ENTRY OF AN ORDER, PURSUANT TO FEDERAL RULE
OF BANKRUPTCY PROCEDURE 2004, DIRECTING THE PRODUCTION OF
DOCUMENTS BY CAPITAL ONE BANK, N.A.**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

Marianne T. O'Toole, as Chapter 7 Trustee ("Trustee") of the jointly administered estates of Michael P. D'Alessio, et al. (collectively, "Debtors"), by her undersigned counsel, submits this application ("Application") seeking the entry of an Order, pursuant to section 105(a) of Title 11 of the United States Code ("Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), directing the production of certain records, documents and electronic files that are in the possession, custody and control of Capital One Bank, N.A. ("Capital One") and respectfully sets forth and represents as follows:

**JURISDICTION AND STATUTORY PREDICATES**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.  The statutory predicates for the relief requested herein include section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2004.

## BACKGROUND

4. On April 17, 2018, an involuntary petition was filed against Michael P. D'Alessio in the United States Bankruptcy Court for the Southern District of New York ("Court").

5. On May 17, 2018, the Court entered an Order for relief with the consent of debtor Michael P. D'Alessio.

6. Marianne T. O'Toole was appointed as the Chapter 7 Trustee of the estate of Michael P. D'Alessio and, by operation of law, Marianne T. O'Toole is the permanent Chapter 7 Trustee of the estate of Michael P. D'Alessio.

7. Pursuant to Orders of the Court, twenty-five affiliated corporate Chapter 7 cases are being jointly administered under debtor Michael P. D'Alessio's case.

8. To fulfill her statutory duties, the Trustee requires additional documents and information from Capital One and believes that discovery from Capital One will provide critical details into assets of debtor Michael P. D'Alessio's estate (and possibly assets of affiliated Debtors' estates).

## RELIEF REQUESTED AND BASIS FOR RELIEF

9. This Application is made pursuant to Bankruptcy Rule 2004 for entry of an Order directing the production of records and documents by Capital One, which are particularly set forth in the proposed order annexed to this Application as Exhibit A ("2004 Order").

10. The duties of the Trustee, as set forth in section 704(a) of the Bankruptcy Code, include, among other things: (a) collecting and reducing to money the property of the Debtor's estate; (b) being accountable for all property received; (c) investigating the financial affairs of the Debtor; and (d) making a final report and filing a final account of the administration of the estate with the court and with the United States trustee. See 11 U.S.C. § 704(a).

11. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity . . . . [as to] the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." FED. R. BANKR. P. 2004(a), (b); see In re Corso, 328 B.R. 375, 383 (E.D.N.Y. 2005) (noting that "the scope of this examination is broader than discovery permitted under the Federal Rules of Civil Procedure" (citations omitted)); Martin v. Keybank of New York, 208 B.R. 807, 810 (N.D.N.Y. 1997) (observing "general rule [] that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted" (citation omitted)); see also In re CENA's Fine Furniture, Inc., 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) ("The scope of a Rule 2004 examination is unfettered and broad . . . . Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds." (citation omitted)); In re Atlantis B.V., Case No. 10-12308 (MG), 2010 Bankr. LEXIS 4243, at *10 (Bankr. S.D.N.Y. Nov. 24, 2010) (noting "[i]t is well established that the scope of a Rule 2004 examination is very broad" (citation omitted)); In re Parikh, 397 B.R. 518, 525–26 (Bankr. E.D.N.Y. 2008) ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad. . . . The primary purpose of allowing broad discovery in Rule 2004 is to expedite the locating of assets of the estate." (citations omitted)).

12. On May 30, 2018, certain schedules and a Statement of Financial Affairs were filed on behalf of debtor Michael P. D'Alessio. See Dkt. No. 24. In response to number 17 on his Schedule A/B: Property, i.e., deposits of money, debtor Michael P. D'Alessio did not list any checking, savings or other financial accounts. See Dkt. No. 24 at 5. In response to number 20 on his Statement of Financial Affairs, i.e., financial accounts or instruments closed within 1 year of

3

the Petition Date, debtor Michael P. D'Alessio did not list Capital One. See Dkt. No. 24 at 365-366.

14. The Trustee has since learned that debtor Michael P. D'Alessio (individually or jointly with another person or entity) maintains (or maintained) an account at Capital One ending *1633. No statements or information relating to any accounts at Capital One have been provided to the Trustee on behalf of any of the Debtors. Accordingly, the Trustee submits that it is necessary to effectuate a turnover of books and records from Capital One. In particular, the Trustee seeks account opening applications, bank statements, cancelled checks, wire transfer confirmations and other account-related documents for any and all accounts maintained by or on behalf of debtor Michael P. D'Alessio, individually or jointly with any other person or entity. The Trustee also seeks similar documents for all accounts over which debtor Michael P. D'Alessio had signature authority.

14. Under the 2004 Order, responsive documents are to be turned over to the Trustee's undersigned counsel by the date set forth in subpoenas issued in accordance with Federal Rule of Civil Procedure 45(a)(1)(A), made applicable by Bankruptcy Rules 9016 and 2004. Any subpoena issued will provide Capital One not less than twenty-one (21) days from service for the production of the records, documents and electronic files requested in the 2004 Order. Furthermore, the Trustee respectfully requests that service of any subpoena and the 2004 Order by certified mail, return receipt requested, to Capital One at its last known address, place of business or such other address as the Trustee may subsequently discover, be deemed good and proper service of such subpoena.

15. The Trustee has not previously filed an application for the relief requested herein to this or any other Court.

4

16. By virtue of the foregoing, the Trustee respectfully submits that she is entitled to the relief requested herein.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the 2004 Order directing Capital One to produce the records, documents and electronic files described therein, and granting such other, further, and different relief as the Court deems just and proper.

Dated: December 14, 2018
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Marianne T. O'Toole, as Trustee

By: *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500