**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Marianne T. O'Toole, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
David A. Blansky, Esq.
Holly R. Holecek, Esq.
Salvatore LaMonica, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
In re:                                                                    Chapter 7

MICHAEL P. D'ALESSIO, <u>et al</u>.                                       Case No.: 18-22552 (RDD)

         Debtors.[1]
-----------------------------------------------------------------------x
MARIANNE T. O'TOOLE, Solely in Her Capacity as
Chapter 7 Trustee of the Estate of Michael P. D'Alessio,  Adv. Pro. No.: 20- (RDD)

         Plaintiff,

 -against-

IRENE D'ALESSIO and RONALD D'ALESSIO,

         Defendants.
-----------------------------------------------------------------------x

## COMPLAINT

Plaintiff Marianne T. O'Toole, solely in her capacity as Chapter 7 Trustee ("<u>Plaintiff</u>" or "<u>Trustee</u>") of the estate of Michael P. D'Alessio ("<u>Debtor</u>"), by her undersigned counsel, as and for her Complaint against defendants Irene D'Alessio ("<u>Irene</u>") and Ronald D'Alessio ("<u>Ronald</u>") (collectively, "<u>Defendants</u>"), alleges as follows:

---

[1] The Debtors consist of the jointly-administered estates of Michael P. D'Alessio, Michael Paul Enterprises LLC, 184 East 64th Street Holding LLC, 184 East 64th Street Associates LLC, Bluestone 184 LLC, Bluestone 67 LLC, 227 E 67th Street Associates LLC, 227 E 67th Street Holding LLC, 145-147 East 62nd Street Associates LLC, Bluestone 163 - 165 LLC, 163 - 165 East 62nd Street Associates LLC, 163 - 165 East 62nd Street Holding LLC, 145-147 East 62nd Street Holding LLC, 3 Sandpiper Court Holding LLC, 45 Middle Pond Road Associates LLC, 43 Middle Pond Road Associates LLC, 41 Middle Pond Road Associates LLC, 43 Middle Pond Road Holding LLC, 41-45 MPR Holding LLC, Bluestone Sandpiper LLC, 3 Sandpiper Court LLC, 15-17 Circle Holding LLC, MBI Partners LLC, 15 Circle RD-MBI LLC, and 17 Circle RD-MBI LLC.

1

## JURISDICTION AND VENUE

1. The statutory predicates for the relief sought herein include 11 U.S.C. §§ 105, 323, 541, 542, 544, 547, 548 and 550 ("Bankruptcy Code"), Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), sections 273, 274, 275, 276, and 276-a of New York Debtor and Creditor Law ("DCL"), New York common law and any common law, rule, regulation and/or any applicable law of any other jurisdiction in which assets that are property of the estate currently unknown to Plaintiff are located.

2. This action arises under the Debtor's pending Chapter 7 bankruptcy case.

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334, and Bankruptcy Rules 6009 and 7001.

4. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (b)(2)(E), (b)(2)(F), (b)(2)(H) and (b)(2)(O).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6. Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Judge presiding over this adversary proceeding if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

7. Plaintiff is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

8. Plaintiff is authorized to file this action under section 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

9. At all times relevant, Irene and Ronald were (are continue to be) individuals residing at 55 North Broadway, Apt. 2-9, White Plains, New York 10601 ("Real Property").

10. Irene and Ronald are the Debtor's parents.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.  The Bankruptcy Filing and Denial of Discharge**

11. On April 17, 2018 ("Petition Date"), an involuntary petition was filed against the Debtor. See In re D'Alessio, Bankr. Case No.: 18-22552, ECF No. 1.

12. On May 17, 2018, the Court entered an Order for Relief on Debtor's Consent. See In re D'Alessio, Bankr. Case No.: 18-22552, ECF No. 12.

13. Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

14. Pursuant to a Stipulation and Order dated February 28, 2019, the Debtor consented to the denial of his bankruptcy discharge. See In re D'Alessio, Bankr. Case No.: 18-22552, ECF No. 304.

**B.  The Criminal Case Against the Debtor**

15. On August 28, 2018, the United States of America filed a sealed indictment against the Debtor in the United States District Court for the Southern District of New York. See, generally, USA v. D'Alessio, S.D.N.Y. Case No.: 18-cr-00617-JMF (hereinafter, references to the docket in the criminal case shall be referred to as "DC").

16. By Order dated August 29, 2018, the indictment was unsealed. See DC ECF No. 3.

17. The indictment accused the Debtor of engaging in a scheme to defraud between in or about 2015 through April 2018 by which he induced investors to invest in real estate

development projects through entities he controlled in exchange for monthly interest payments and a share in the profits on the sale of the developed properties. See DC ECF No. 2.

18. The indictment claimed that the Debtor misappropriated funds for his own use and benefit and sought to conceal his fraud. See DC ECF No. 2.

19. On November 8, 2018, the United States of America filed a superseding information in which it charged the Debtor with one count of wire fraud during the period between 2015 through April 2018 and one count of bankruptcy fraud by concealing assets and making false claims in connection with his bankruptcy case between May 2018 and July 2018. See DC ECF No. 21.

20. On November 8, 2018, the Debtor entered a guilty plea to both charges of the superseding information. See DC ECF No. 22.

21. On November 8, 2018, the Debtor also entered into a consent preliminary order of forfeiture as to specific property and a money judgment in the sum of $58,090,047.16. See DC ECF No. 25.

22. On April 5, 2019, the Debtor was sentenced to six years of incarceration and three years of supervised release. See DC ECF No. 25.

**C. The Avoidable Transfer of the Debtor's Membership Interest in Magnolia Consulting LLC**

23. In or about March 31, 2014, the Debtor caused Magnolia Consulting LLC ("Magnolia") to be formed in the State of New York as a domestic limited liability company.

24. By deed dated January 8, 2015 and recorded January 23, 2015, Magnolia obtained all right, title and interest in the Real Property.

25. Irene and Ronald began residing at the Real Property in 2015 and have resided there since.

26. Upon information and belief, the Debtor was the sole member and manager of Magnolia from inception until in or about May 5, 2017.

27. According to Magnolia's 2016 tax returns, the Debtor continued to be the 100% member of Magnolia as of December 31, 2016.

28. According to the Debtor's statement of financial affairs, on or about May 5, 2017, D'Alessio assigned all of his membership interests in Magnolia to Irene and Ronald ("Transfer").

29. According to the Debtor's statement of financial affairs, the Transfer was made on account of an antecedent debt, namely "$200,000.00 – Paid down from Promissory Note".

30. Defendants were each an insider of the Debtor within the meaning of Bankruptcy Code § 101(31) and applicable law on the date of the Transfer.

31. The Transfer was made within one-year of the Petition Date.

32. Defendants have failed to turn over any part of the Transfer or the value thereof to the Trustee.

**D.  Reservation of Rights**

33. Plaintiff's investigation is ongoing and Plaintiff reserves the right to: (a) supplement the information regarding any pre- and post-petition transfers made to, or for the benefit of, the Defendants by the Debtor; (b) any debt owed by the Defendants to the Debtor; and (c) seek recovery of such additional transfers.

34. To the extent that any of the avoidance and/or recovery claims may be inconsistent with each other, they are to be treated as being plead in the alternative.

**FIRST CLAIM FOR RELIEF**
**(Property of the Estate under 11 U.S.C. §§ 541 and 542)**

35. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "34" as if set forth fully herein.

36. The Debtor has a legal and equitable interest in the Transfer and Magnolia.

37. The Debtor's legal and equitable interest in the Transfer and Magnolia is property of the Debtor's estate.

38. The Defendants had no right or entitlement to the Transfer or the benefit thereof.

39. By reason of the foregoing, and in accordance with sections 541 and 542 of the Bankruptcy Code, Plaintiff is entitled to the entry of an order and judgment directing the Defendants to turn over any and all property of the Debtor's estate including, but not limited to, restoring the Debtor's membership interest in Magnolia or for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court.

**SECOND CLAIM FOR RELIEF**
**(Insider Preference under 11 U.S.C. § 547)**

40. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "39 as if set forth fully herein.

41. Prior to the Petition Date, the Debtor was indebted to the Defendants for loans provided by the Defendants to the Debtor.

42. Within one-year of the Petition Date, the Debtor made the Transfer to the Defendants.

43. Within one-year of the Petition Date, the Defendants received the Transfer.

44. The Transfer was made to or for the benefit of the Defendants, creditors of the Debtor.

45. The Transfer was made for or on account of an antecedent debt owed by the Debtor to the Defendants before the Transfer was made.

46. The Debtor was insolvent when he made the Transfer to the Defendants.

47. The Defendants, as the Debtor's parents, were insiders of the Debtor at the time of the Transfer.

48. Upon information and belief, the Transfer enabled the Defendants to receive more than they would have received if: (a) the Transfer had not been made; and (b) the Defendants received payment of their claim from the Debtor's estate to the extent provided by the provisions of the Bankruptcy Code.

49. The Transfer is avoidable under section 547(b) of the Bankruptcy Code.

50. Pursuant to section 550(a) of the Bankruptcy Code, the recovery of property for the benefit of the Debtor's estate is authorized to the extent avoided under section 547 of the Bankruptcy Code.

51. By reason of the foregoing, Plaintiff is entitled to a judgment against the Defendants pursuant to sections 547(b) and 550(a) of the Bankruptcy Code setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interest thereon, or such other amount as may be determined by the Court.

## THIRD CLAIM FOR RELIEF
### (Fraudulent Transfer under 11 U.S.C. §548(a)(1)(B))

52. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "34" as if set forth fully herein.

53. To the extent the Transfer was not made to Defendants on account of an antecedent debt due Defendants from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

54. The Transfer was made within one year of the Petition Date.

55. The Debtor received less than reasonably equivalent value in exchange for the Transfer.

56. Upon information and belief, the Debtor: (a) was insolvent on the date of the Transfer or became insolvent as a result of the Transfer; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with it was an unreasonably small capital; or (c) intended to incur or believed that he would incur, debts beyond his ability to pay as they matured.

57. At the time of the Transfer, the Debtor was insolvent, or had incurred, or was intending to incur, debts beyond his ability to pay them as they became due at the time of the Transfer.

58. At the time of the Transfer, the Debtor knew, or should have known, his creditors held claims against him.

59. The Transfer constitutes a fraudulent transfer under section 548(a)(1)(B) of the Bankruptcy Code.

60. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to sections 548(a)(1)(B) and 550 of the Bankruptcy Code and a judgment against the Defendants setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court.

**FOURTH CLAIM FOR RELIEF**
**(Fraudulent Transfer under 11 U.S.C. §548(a)(1)(A))**

61. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "34" as if set forth fully herein.

62. To the extent the Transfer was not made to Defendants on account of an antecedent debt due Defendants from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

63. The Transfer was made within one year of the Petition Date.

64. At the time of the Transfer, the Debtor knew, or should have known, that his creditors held claims against him.

65. Upon information and belief, the Transfer was made by the Debtor with the intent to hinder, delay, or defraud his creditors.

66. The Transfer constitutes a fraudulent transfer under section 548(a)(1)(A) of the Bankruptcy Code.

67. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code and a judgment against the Defendant setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court.

**FIFTH CLAIM FOR RELIEF**
**(Fraudulent Transfer under DCL)**

68. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "34" as if set forth fully herein.

69. To the extent the Transfer was not made to Defendants on account of an antecedent debt due Defendants from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

70. At the time of the Transfer, the Debtor was insolvent or was thereafter rendered insolvent.

71. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfer.

72. The Transfer constitutes a fraudulent transfer in violation of section 273 of the DCL.

73. Under sections 544(b) and 550 of the Bankruptcy Code, and section 273 of the DCL, the Plaintiff may avoid the Transfer.

74. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to section 273 of the DCL and judgment against the Defendants setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court.

## SIXTH CLAIM FOR RELIEF
### (Fraudulent Transfer under DCL)

75. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "34" as if set forth fully herein.

76. To the extent the Transfer was not made to Defendants on account of an antecedent debt due Defendants from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

77. At the time of the Transfer, the Debtor was engaged in or was about to engage in a business or transaction for which the property remaining in his hands after the Transfer was an unreasonably small capital.

78. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfer.

79. The Transfer constitutes a fraudulent transfer in violation of section 274 of the DCL.

80. Under sections 544(b) and 550 of the Bankruptcy Code, and section 274 of the DCL, Plaintiff may avoid the Transfer.

81. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to section 274 of the DCL and judgment against the Defendants setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court.

**SEVENTH CLAIM FOR RELIEF**
**(Fraudulent Transfer under DCL)**

82. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "34" as if set forth fully herein.

83. To the extent the Transfer was not made to Defendants on account of an antecedent debt due Defendants from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

84. At the time of the Transfer, the Debtor intended or believed that he would incur debts beyond his ability to pay as they matured.

85. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfer.

86. The Transfer constitutes a fraudulent transfer in violation of section 275 of the DCL.

87. Under sections 544(b) and 550 of the Bankruptcy Code, and section 275 of the DCL, Plaintiff may avoid the Transfer.

88. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to section 275 of the DCL and judgment against the Defendants setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court.

## EIGHTH CLAIM FOR RELIEF
### (Fraudulent Transfer under DCL)

89. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "34" as if set forth fully herein.

90. To the extent the Transfer was not made to Defendants on account of an antecedent debt due Defendants from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

91. The Transfer was made by the Debtor with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor in violation of section 276 of the DCL.

92. Under sections 544(b) and 550 of the Bankruptcy Code, and section 276 of the DCL, Plaintiff may avoid the Transfer.

93. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to section 276 of the DCL and judgment against the Defendants setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court.

## NINTH CLAIM FOR RELIEF
### (Attorneys' Fees under DCL)

94. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "34" as if set forth fully herein.

95. To the extent the Transfer was not made to Defendants on account of an antecedent debt due Defendants from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

96. The Transfer was made by the Debtor and received by the Defendants with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

97. The Transfer was received by the Defendants with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

98. The Transfer constitutes a fraudulent transfer of the Debtor's assets in violation of section 276-a of the DCL.

99. By reason of the foregoing, Plaintiff is entitled to a judgment against the Defendants, under section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action.

**TENTH CLAIM FOR RELIEF**
**(Unjust Enrichment under New York law)**

100. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "34" as if set forth fully herein.

101. To the extent the Transfer was not made to Defendants on account of an antecedent debt due Defendants from the Debtor, Plaintiff asserts the instant claim for relief in the alternative.

102. The Defendants were enriched as a result of the Transfer.

103. The enrichment of Defendants was at the expense of the Debtor.

104. The circumstances relating to the Transfer are such that equity and good conscience require the Defendants to compensate the Debtor's estate.

105. By reason of the foregoing, Plaintiff is entitled to an order and judgment against the Defendants for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court.

**ELEVENTH CLAIM FOR RELIEF**
**(Disallowance of Claims under 11 U.S.C. §§ 502(d) and (j))**

106. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "105" as if set forth fully herein.

107. The Defendants are the transferees of a transfer avoidable pursuant to sections 544, 547, and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

108. The Defendants have not paid the value of the Transfer or turned over such property for which they are liable under section 550 of the Bankruptcy Code to the Plaintiff.

109. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of the Defendants against the Debtor's estate, including any and all claims assigned by the Defendants, must be disallowed until such time as the Defendants pay the Plaintiff the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court.

110. Pursuant to section 502(j) of the Bankruptcy Code, any and all previously allowed claims of the Defendants against the Debtor, including any and all claims assigned by the Defendants, must be reconsidered and disallowed until such time as the Defendants pay to the Plaintiff the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court.

**WHEREFORE**, Plaintiff demands judgment on her claims for relief against Defendants as follows:

i. on her First Claim For Relief, an order and judgment directing the Defendants to turn over any and all property of the Debtor's estate including, but not limited to, the membership interests in Magnolia or the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court;

ii. on her Second Claim For Relief, a judgment against the Defendants pursuant to sections 547(b) and 550(a) of the Bankruptcy Code setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interest thereon, or such other amount as may be determined by the Court;

iii. on her Third Claim For Relief, an order avoiding the Transfer pursuant to section 548(a)(1)(B) and a judgment against the Defendants setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court;

iv. on her Fourth Claim For Relief, an order avoiding the Transfer pursuant to section 548(a)(1)(A) and a judgment against the Defendants setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court;

v. on her Fifth Claim For Relief, an order avoiding the Transfer pursuant to section 273 of the DCL and judgment against the Defendants setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court;

vi. on her Sixth Claim For Relief, an order avoiding the Transfer pursuant to section 274 of the DCL and judgment against the Defendants setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court.

vii. on her Seventh Claim For Relief, an order avoiding the Transfer pursuant to section 275 of the DCL and judgment against the Defendants setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court;

viii. on her Eighth Claim For Relief, an order avoiding the Transfer pursuant to section 276 of the DCL and judgment against the Defendants setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court.

ix. on her Ninth Claim For Relief, a judgment against the Defendants, under section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action;

x. on her Tenth Claim For Relief, an order and judgment against the Defendants setting aside the Transfer or for the value of the Transfer in an amount as yet undetermined, plus interests thereon, costs, or such other amount as may be determined by the Court;

xi. on her Eleventh Claim For Relief, disallowing any claims filed or otherwise held by the Defendant against the Debtor's estate until the Defendant pays to the Trustee or turns over to the Trustee property for which she is liable pursuant to sections 502(d) and (j) of the Bankruptcy Code; and

xii. for all costs, disbursements and expenses, including attorneys' fees, in connection with this action, together with such other, further and different relief as this Court may deem just and proper.

Dated: May 15, 2020
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Plaintiff Marianne T. O'Toole, as Trustee

By: *s/ David A. Blansky*
David A. Blansky, Esq.
Holly R. Holecek, Esq.
Salvatore LaMonica, Esq.
Partners of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500